Filed 10/19/23  P. v. Andrews CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>LAWRENCE KINGSLEY ANDREWS,<br><br>　　Defendant and Appellant. | F084179<br><br>(Super. Ct. Nos. 19CMS4845, 20CMS1999 & 21CMS2492)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Robert Shane Burns, Judge.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Ricci Mueller, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Appellant Lawrence Kingsley Andrews was charged in three separate cases with various crimes. He underwent a jury trial in one of the cases, and the jury returned a guilty verdict. Thereafter, in February 2022, he reached a negotiated plea agreement with the People covering all three cases with a stipulated sentence totaling an aggregate prison term of 10 years, part of which was the upper term of imprisonment on one of the counts. The trial court approved the plea agreement, accepted appellant's plea, and sentenced appellant in accordance with the agreement.

Appellant appealed from the judgment of his convictions, and now argues the court erred by failing to comply with Penal Code[1] section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567). Respondent contends that because the Senate Bill 567 amendments were in effect at the time appellant entered his plea, his contention amounts to an attack on the validity of the plea, and as such he was required to obtain a certificate of probable cause; because he did not do so, respondent maintains the appeal must be dismissed. We agree with respondent and dismiss the appeal.

## RELEVANT PROCEDURAL BACKGROUND

On September 27, 2019, a complaint was filed in Kings County Superior Court case No. 19CMS4845.[2] The subsequent first amended information charged appellant with one count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(4); count 1).

On April 20, 2020, a complaint was filed in case No. 20CMS1999. The subsequent information charged appellant with battery with serious bodily injury (§ 243, subd. (d); count 1); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2); and misdemeanor resisting a peace officer (§ 148, subd. (a)(1);

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    All further references to case numbers are Kings County Superior Court cases.

count 3).  As to counts 1 and 2, it was further alleged appellant personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)).

On May 4, 2021, a complaint was filed in case No. 21CMS2492.  The subsequent information charged appellant with first degree burglary (§ 459; count 1) with additional allegations the burglary was of an inhabited dwelling house (§ 462) and that the offense was a violent felony because another person was present in the residence during its commission (§ 667.5, subd. (c)).  Appellant was further charged with elder or dependent adult abuse (§ 368, subd. (b)(1); count 2); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 3); dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 4); assault with a deadly weapon (§ 245, subd. (a)(1); count 5); and vandalism with over $400 in damage (§ 594, subd. (a); count 6).  Finally, it was alleged as to all counts that appellant committed the offenses while on bail in case Nos. 20CMS1999 and 19CMS4845 (§ 12022.1).

In August 2021, a jury trial was conducted in case No. 19CMS4845, and the jury found appellant guilty as charged.

Relevant to appellant's claim on appeal, Senate Bill 567 was signed into law on October 8, 2021, and became effective on January 1, 2022.  It amended the determinate sentencing law—section 1170, subdivision (b)—which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist.  (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).)  Under the amended law, the trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial.  (§ 1170, subd. (b)(2).)

On February 7, 2022, appellant reached a plea agreement with the People.  In case No. 20CMS1999, appellant would plead guilty to count 2, with an admission of the great

3.

bodily injury enhancement.  In case No. 21CMS2492, appellant would plead guilty to count 3, as charged, and count 5, as amended on the record to reflect a violation of section 245, subdivision (a)(4) rather than section 245, subdivision (a)(1).  The agreed upon sentence for all three cases was: as to count 2 (20CMS1999), the upper term of four years plus three years for the great bodily injury enhancement; as to counts 3 and 5 (21CMS2492) and count 1 (19CMS4845), one-third the midterm of one year each, for a total agreed-upon prison term of 10 years.  In exchange, the People would dismiss all other charges.

Before entering his plea, appellant had questions for the trial court regarding the agreement, and he and the court engaged in a lengthy colloquy, where the court explained, among other things, that if appellant were to enter into the agreement, the court would not be authorized to exercise any sentencing discretion and would be bound by the terms of the agreement, and appellant expressed he understood and wanted to continue with the plea.  Appellant pled in accordance with the agreement, and the court accepted appellant's plea.  The court then advised appellant of its intention to get a stipulated report from probation rather than a full report "because it's an agreed-upon sentence" and asked appellant if that was alright with him, and he agreed.  Probation prepared a "Stipulated Prison Report," which set forth the prison sentence stipulated to by the parties as set forth on the record and included recommendations as to various fines and fees.

Appellant was sentenced on April 1, 2022.  The court sentenced appellant as agreed upon by the parties.  Appellant lodged no objections.

## DISCUSSION

Appellant argues this court should vacate his sentence and remand for resentencing because the trial court erred by not complying with section 1170, subdivision (b), as amended by Senate Bill 567, as he did not stipulate to and no fact

4.

finder found true aggravating circumstances to justify the upper term on count 2 (20CMS1999).

As a threshold matter, respondent contends this court must dismiss the appeal because appellant failed to obtain a certificate of probable cause. Appellant's response is that one was not required because the trial court's "failure" to comply with section 1170, subdivision (b) was "an irregularity at the sentencing hearing" rather than any challenge to the validity of his plea. We agree with respondent.

"A defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere,' unless he has obtained a certificate of probable cause." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; § 1237.5 ["No appeal shall be taken by the defendant from a judgment of conviction upon a plea of … nolo contendere … except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings[;] [and] [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court"].)  However, "postplea claims, including sentencing issues, that do not challenge the validity of the plea" are exempt from this certificate requirement. (*Cuevas*, at p. 379; Cal. Rules of Court, rule 8.304(b)(2).)  A defendant may challenge normal sentencing discretion of the trial court without a certificate of probable cause. (*People v. Buttram* (2003) 30 Cal.4th 773, 785.)

"In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.]  Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

Relevant to the present case, section 1192.5, subdivision (b) provides in part, that when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, … *the court may not proceed as to the plea other than as specified in the plea*." " ' " 'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' " ' " (*People v. Stamps* (2020) 9 Cal.5th 685, 701.) While the plea bargain does not divest the trial court of its inherent sentencing discretion, " ' "a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain." ' " (*Ibid*.) Thus, when the defendant and the prosecutor agree that a specified sentence will be imposed, the court does not exercise discretion within a range of otherwise permissible sentences, but rather imposes the agreed-upon sentence.

Accordingly, our Supreme Court has held that when a challenge to a judgment of conviction following a plea is based on a sentence where "all the trial court did … was … sentence [the] defendant in accordance with the previously entered plea," by contesting an aspect of "the very sentence he negotiated as part of the plea bargain, [a] defendant is, in substance, attacking the validity of the plea," and the certificate requirement of section 1237.5 applies. (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 78.)

Here, appellant agreed to the upper term on count 2 as part of a plea agreement to reach a total prison sentence of 10 years, after the effective date of Senate Bill 567. Appellant stated on the record he understood the trial court would be bound by the stipulated sentence. There was no "irregularity" at the sentencing hearing as appellant claims; rather, to the contrary, the trial court acted as it was required to by law—it sentenced appellant in accordance with the plea agreement.[3] Contrary to appellant's

<hr />

[3]     Appellant acknowledges but makes no attempt to distinguish *Panizzon* and simply asserts the present case is more like the cases he relies on to support his contention he is challenging an "irregularity" at sentencing rather than the validity of his plea—*People v. Buttram*, *supra*, 30 Cal.4th 773 and *People v. French* (2008) 43 Cal.4th 36. *Buttram* and *French* are inapposite. In *Buttram*, the parties' "bargain provided that [the] defendant

6.

assertions on appeal, he is in effect arguing the trial court erred by approving the plea agreement and accepting appellant's plea rather than by making any sentencing decisions. For these reasons, we conclude appellant is, in substance, attacking the validity of his plea, and he therefore was required to obtain a certificate of probable cause. As he did not do so, we consequentially dismiss the appeal.

For the benefit of the parties, we note that even if we were to find appellant was not required to obtain a certificate of probable cause, we would nonetheless decline to consider his claim on its merits. Assuming for the sake of appellant's argument that his claim of error is a sentencing error, we conclude that because Senate Bill 567 was in effect at the time of sentencing and appellant made no objections, he has forfeited this argument on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351 [defendant cannot challenge trial court's sentencing choice for the first time on appeal because "defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention" at the time of the sentencing]; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683–684, review granted Oct. 12, 2022, S276237 [the appellant forfeited argument that the trial court erred in imposing the upper term pursuant to § 1170 as it existed at the time he was sentenced because he failed to object to the upper term sentence when it was imposed]; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" '[c]laims of error

---

would not be vulnerable to a sentence *above* the agreed limit. It thus left open a variety of sentencing choices within that limit." (*Buttram*, at p. 787.) In *French*, "[the] defendant did not agree that a specific sentence would be imposed; his plea agreement contemplated that the trial court would have discretion to impose any appropriate sentence up to the maximum of 18 years' imprisonment." (*French*, at p. 49.) Both appellate courts concluded certificates of probable cause were not required because the appellants were not attacking the validity of their pleas; rather they were challenging the ways the trial courts exercised discretion within the limits of the agreements. (*Buttram*, at p. 787 [appeal did not attack the validity of the plea because the defendant "seeks only to raise issues reserved by the plea agreement"]; *French*, at p. 45.) The present case is amply distinguishable, as the parties agreed to a specified sentence, and the trial court accordingly exercised no discretion at the sentencing hearing.

7.

relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)**4**

## DISPOSITION

The appeal is dismissed.

---

**4** We note the record contains some detail about how the agreement in the present case was reached, and it reveals one of the parties' priorities was to reach a total 10-year term. (See RT 2520 ["[The People's] offer to you [appellant] isn't the 243(d), it's the 245(a)(4), which is an assault, not a battery…. And that was to be able to get to the ten-year term, *which was the minimum term that the People were willing to consider*." (Italics added.)]) Thus, there appears to be a sound tactical reason for accepting this plea agreement and subsequent sentence without objecting on Senate Bill 567 grounds. Had appellant not accepted the upper term for the 10-year total term, it appears likely from our review of the record there may have been no agreement reached, and appellant's total maximum exposure was 16 years and five "strikes."